```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
Elijah Sanford,

                    Petitioner,
          -against-                    MEMORANDUM AND DECISION
                                       08-CV-1788(JS)
United States of America,

                    Respondent.
----------------------------------X
Appearances:
For Petitioner:     Elijah Sanford, pro se
                    71955-053
                    U.S.P. Victorville
                    P.O. Box 5300
                    Adelanto, CA 92301

For Respondent:     John Joseph Durham, Esq.
                    Kenneth L. St. Bernard, Esq.
                    United States Attorneys Office
                    Eastern District of New York
                    610 Federal Plaza
                    Central Islip, NY 11722
```

SEYBERT, District Judge:

Petitioner Elijah Sanford ("Sanford") has filed suit under 28 U.S.C. § 2255. For the foregoing reasons, Sanford's petition is DENIED.

### BACKGROUND

On December 30, 2006, Sanford robbed a Stop And Shop Grocery Store located in Merrick, New York. On May 21, 2007, Sanford waived indictment and pled guilty to one count of violating 18 U.S.C. § 1951(a), interference with commerce by threats or violence (hereafter, "the Hobbs Act"). On August 17, 2007, the Court accepted Sanford's guilty plea and sentenced him to 148 months imprisonment.

On May 1, 2008, Sanford filed this petition. Sanford's petition does not dispute that he robbed the Stop And Shop. Nor does Sanford's petition raise any of the typical § 2255 arguments – such as his counsel's ineffectiveness in various aspects of trial strategy. Instead, Sanford contends that: (1) Congress somehow duped President Truman into signing the Hobbs Act without Congress ever actually passing it, depriving the United States of jurisdiction to enforce it; (2) the United States lacked "territorial jurisdiction" over the Stop And Shop because it did not own the property and New York State never ceded its jurisdiction over it; (3) counsel was ineffective for failing to raise these alleged jurisdictional defects; and (4) counsel was ineffective because the United States paid his fees, creating an alleged conflict of interest that counsel failed to disclose.

Sanford's arguments are not only without merit, they are delusional.

## DISCUSSION

I. The Hobbs Act was Validly Passed by Congress and Signed by President Truman

As an initial matter, the Court finds that Congress validly passed the Hobbs Act and that, consequently, the Hobbs Act is an enforceable law of the land.

Petitioner appears to claim the House of Representatives lacked the necessary quorum to pass 80 Pub. L. 772, and that the Senate failed to pass it at all. This argument fails for several

reasons.

First, the Hobbs Act actually became law through 60 Stat. 420 (codified at former 18 U.S.C. § 420a, et seq.), which passed on July 3, 1946. This act prohibited, in substance, same crimes that the modern § 1951 does – making it a felony to "delay[], obstruct[] or affect[] commerce" by "robbery or extortion." Id. Thus, even if Congress never validly passed 80 Pub. Law 772 – or any of the Hobbs Act's subsequent amendments – Sanford would still have pled guilty to conduct that the original Hobbs Act expressly prohibited.

And second, Sanford's legal research notwithstanding, 80 Pub. L. 772 clearly sets forth that it was "Approved June 25, 1948, 12:23 p.m., E.D.T." See 62 Stat. 683, 868. Thus, the amendments to the Hobbs Act which Sanford contests were validly passed.

## II. The Hobbs Act Provided the Government with Jurisdiction to Prosecute Sanford

Sanford also claims that the Government lacked jurisdiction to prosecute him, because he robbed a store that the United States lacked "territorial jurisdiction" over (i.e., land that the federal government does not own, and where New York State has not ceded jurisdiction). Sanford is in error. The Hobbs Act's jurisdiction does not depend upon the United States' power over federal lands. Rather, it derives from Congress' Constitutional authority to regulate interstate commerce. See, e.g., Scheidler v. Nat. Org. for Women, Inc., 537 U.S. 393, 408, 123 S. Ct. 1057, 154 L. Ed. 2d 991 (2003) (The Hobbs Act "manifest[s] a purpose to use

all the constitutional power Congress has to punish interference with interstate commerce by extortion, robbery or physical violence") (internal citations and quotations omitted). Here, Sanford does not dispute that his robbery affected interstate commerce. Nor could he. Not only did he plead guilty to "interference with commerce by threats or violence," but – to survive Constitutional muster – a Hobbs Act violator's affect on interstate commerce need only be <u>de minimus</u>. See <u>U.S. v. Elias</u>, 285 F.3d 183, 189 (2d Cir. 2002) (Hobbs Act's jurisictional nexus satisfied because defendant robbed a grocery store that purchased beer and fruit from out-of-state suppliers). Sanford's robbery of the Stop And Shop clearly meets this standard. <u>Id.</u>

Thus, this Court had jurisdiction over Sanford's Hobbs Act violation.

## III. <u>Counsel was not Ineffective</u>

### A. <u>Sanford Waived his Right to Challenge Ineffective Assistance of Counsel at the Plea</u>

Under his Plea Agreement with the Government, Sanford stipulated that he would not file an appeal or otherwise challenge his conviction or sentence in the event that the Court imposed a term of imprisonment of 210 months or below. (Plea Agreement § 4). "In general, a defendant's knowing and voluntary waiver of his right to appeal or challenge a sentence within an agreed guideline range is enforceable." <u>United States v. Rosa</u>, 123 F.3d 94, 97 (2d Cir. 1997).

The Second Circuit has recognized certain situations in which a defendant may seek review of a sentence despite the defendant's waiver of appeal rights through a plea agreement. Such instances can, in certain circumstances, include: "1) the arbitrary practice of sentencing without [proffered] reasons which . . . could in some cases amount to an abdication of judicial responsibility subject to mandamus, . . . 2) the defendant's right to appeal on the grounds of ineffective assistance of counsel, . . . ; and 3) the arguably unconstitutional consideration of naturalized status." See id. at 98 (internal quotation marks and citations omitted); see also United States v. Jacobson, 15 F.3d 19, 23 (2d Cir. 1994). Ineffective assistance of counsel claims are only not waived if they concern the legitimacy of the waiver agreement itself, or counsel's failure to file a direct appeal. See Riggi v. United States, No. 04-CV-7852, 2007 U.S. Dist. LEXIS 48125, at *14 (S.D.N.Y. July 5, 2007). "The same principle[s] appl[y] to a waiver of a right to file a section 2255 petition." Garcia v. United States, No. 04-CV-6020, 2008 U.S. Dist. LEXIS 19438, at *8 (S.D.N.Y. Mar. 14, 2008).

Here, Sanford does not argue – much less evidence – that any of these circumstances apply. Accordingly, the Court finds that Sanford knowingly and voluntarily waived his right to appeal and to file a Section 2255 petition. Thus, Sanford's ineffective

assistance of counsel claims have been waived.[1]  And, consequently, the Court discusses them solely for the sake of argument.

    B.   <u>Counsel was not Ineffective for Failing to Raise Sanford's Frivolous Jurisdictional Arguments</u>

It is well-settled that counsel is not ineffective for "fail[ing] to make wholly frivolous or unethical arguments." <u>See</u>, <u>e.g.</u>, <u>Lockhart v. Fretwell</u>, 506 U.S. 364, 383 113 S. Ct. 838, 122 L. Ed. 2d 180 (1993).  Here, Sanford argues that counsel should have raised the "jurisdictional" arguments he sets forth in his petition (<u>i.e.</u>, that Congress never validly passed the Hobbs Act, and that the robbery occurred outside the United States' "territorial jurisdiction").  But, as discussed above, these arguments are completely frivolous.  Thus, counsel was not ineffective for failing to raise them.

    C.   <u>Counsel was not Ineffective Because the U.S. Government Paid his Fees</u>

Sanford also argues that his counsel was subject to a conflict of interest because, as appointed counsel, the United States Government paid his counsel's fees.  This argument is also

---

[1] Sanford's plea agreement did not waive his arguments concerning the Hobbs Act's alleged invalidity and the United States' lack of territorial jurisdiction.  While frivolous, these arguments concerned the Court's subject matter jurisdiction, and issues going to the Court's subject matter jurisdiction can never be waived.  <u>See</u> <u>Ashcroft v. Iqbal</u>, __ U.S. __, 129 S. Ct. 1937, 1945, 173 L. Ed. 2d 868, (2009) ("Subject-matter jurisdiction cannot be forfeited or waived").

6

frivolous. Counsel is not ineffective unless his performance falls below an "objective standard of reasonableness," and these deficiencies "prejudice" the defendant. Strickland v. Washington, 466 U.S. 668, 688-92, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Here, Sanford has failed to show either of these elements.

Moreover, the Sixth Amendment to the U.S. Constitution sets forth that every criminal defendant is entitled to "Assistance of Counsel for his defence." In order to comply with this Constitutional requirement, the Court (which, although an arm of the U.S. Government, operates independently from the U.S. Attorney's Office) provides indigent defendants with counsel free of charge, by paying counsel's fees. See 18 U.S.C. § 3006A. This is a Constitutional obligation; it is not a "conflict of interest" on defense counsel's part.

Finally, Sanford argues that his counsel was ineffective because he did not disclose that the alleged conflict of interest that resulted from the United States paying counsel's fees. Again, this argument is frivolous. First, as discussed above, no conflict of interest existed. Second, as noted above, counsel's fees were not paid by the U.S. Government's prosecuting arm, the U.S. Attorney's Office, but rather though the Court. Third, even if Sanford's attorney never expressly told him that the "Government" (again, through the Court) was paying his fees, Sanford should have presumed this was the case. After all, Sanford paid nothing for

7

his representation, and must have known that his attorney was getting paid somehow. And, given that the Court appointed his attorney, Sanford should have understood that the Court also paid him. Thus, this argument is also without any merit.

CONCLUSION

For all the foregoing reasons, Sanford's petition is DENIED. The Clerk of the Court is directed to mark this docket as CLOSED.

Pursuant to Fed. R. App. Pro. 22(b) and 28 U.S.C. Section 2253(c)(2), a certificate of appealability is denied, as Petitioner has not made a substantial showing of a denial of a constitutional right. Miller-El v. Cockrell, 537 U.S. 332, 336, 123 S. Ct. 1029, 1039, 154 L. Ed. 2d 931 (2003); Luciadore v. New York State Div. of Parole, 209 F.3d 107, 112 (2d Cir. 2000).

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: Central Islip, New York
August  14 , 2009